Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000696
30-NOV-2016
08:30 AM

NO. CAAP-15-0000696

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
REBECCA STAPP, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(Case No. 2DCW-13-0001655)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Rebecca Stapp (Stapp) appeals from the First Amended Judgment and Notice of Entry of Judgment (Judgment), entered by the District Court of the Second Circuit, Wailuku Division (District Court), on September 17, 2015.[1] After a bench trial, the District Court convicted Stapp of one count of Assault in the Third Degree (Assault 3), in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a) (2014).

On appeal, Stapp argues that the District Court erred in convicting her (1) where the court lacked jurisdiction over the case, which it had previously dismissed without prejudice; and, alternatively, (2) based on insufficient evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Stapp's appeal as follows:

---

[1] The Honorable Kelsey T. Kawano entered the Judgment.

1. The District Court did not abuse its discretion by denying Stapp's "Motion to Set Aside Conviction and/or for Judgment of Acquittal," brought on the ground that the District Court had previously dismissed Case No. 2DCW-13-0001655 without prejudice and, thus, the judgment of conviction in that case was null and void.

On August 23, 2013, in Case No. 2DCW-13-0001655, Plaintiff-Appellee State of Hawai'i (State) charged Stapp by Amended Complaint with committing Assault 3, as a principal or accomplice, on or about May 1, 2013, against juvenile Male 1, born in 2011. On the same date, in Case No. 2DCW-13-0001657, the State charged Stapp by Amended Complaint with committing Assault 3, as a principal or accomplice, on or about May 1, 2013, against juvenile Male 2, born in 2011.

At trial, counsel for the State indicated that a material witness in the case involving juvenile Male 2 was unavailable. The court requested the number of the case for which the witness was not needed -- meaning the number of the case involving juvenile Male 1 -- and counsel incorrectly responded "2DCW-001657." Concerned that continuing the case involving juvenile Male 2 would implicate Stapp's right to a speedy trial, and based on the misinformation provided to it by counsel, the District Court issued an order dismissing Case No. 2DCW-13-0001655.

Trial proceeded in the case involving juvenile Male 1. Midway through trial, counsel for the State apprised the court that she had provided it with the wrong case number. The District Court orally clarified that trial was proceeding in Case No. 2DCW-13-0001655 and not Case No. 2DCW-13-0001657, which had been dismissed. Stapp did not object. Later, the court issued orders of correction.

The District Court's issuance of its order of dismissal in Case No. 2DCW-13-0001655 rather than Case No. 2DCW-13-0001657 was a clerical error. See Hawai'i Rules of Penal Procedure Rule 36; see also State v. Johnson, 133 Hawai'i 186, 324 P.3d 996, SCWC-11-0001015 2014 WL 535739 at *1 (Haw. Feb. 10, 2014) (mem.) (observing that the wrong defendant's name in an order

dismissing a charge was a clerical error); and State v. McKnight, 131 Hawai'i 379, 398, 319 P.3d 298, 317 (2013). The District Court's orders of correction served to reflect the truth, i.e. that the court intended to dismiss Case No. 2DCW-13-0001657 and proceed to trial on Case No. 2DCW-13-0001655. Stapp has not argued she lacked notice that trial was proceeding on the charge involving juvenile Male 1. Moreover, she mounted a vigorous defense at trial and did not object to proceeding in the case involving juvenile Male 1 or move for judgment of acquittal on the ground that the State failed to adduce evidence that she committed the offense against juvenile Male 2.

2. There was sufficient evidence to support the conviction based on the court's findings of fact, none of which Stapp contests in her points on appeal. See HRS § 707-712(1)(a); Hawai'i Rules of Appellate Procedure Rule 28(b)(4) and (7); and Okada Trucking Co. v. Bd. of Water Supply, 97 Hawai'i 450, 459, 40 P.3d 73, 82 (2002) (unchallenged findings of fact are binding on the appellate court). Moreover, there was substantial evidence supporting the court's findings.

Therefore, IT IS HEREBY ORDERED that the First Amended Judgment and Notice of Entry of Judgment, entered by the District Court of the Second Circuit, Wailuku Division, on September 17, 2015, is affirmed.

DATED: Honolulu, Hawai'i, November 30, 2016.

On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant.

Renee Ishikawa-Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Lawrence M Reifurth
Associate Judge